UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>      Plaintiff,<br><br>vs.<br><br>GERBER, *et al.*,<br><br>      Defendants. | Case No. 1:12-cv-01767-RRB<br><br>**ORDER DENYING OBJECTION**<br>**TO SCREENING ORDER**<br>**[Re: Objection at Docket 17]** |

**I.  PENDING MOTION**

Rex Chappell, a state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983 dated October 12, 2012, received and filed by the Clerk of the Court on October 19, 2012. At Docket 16 the Court entered its Screening Order. At Docket 17 Chappell responded to that Order in a document entitled "Objection 'In Part,' to District Judges' Screening Order Even Though the Option Wasn't Given Plaintiff." Construing Chappel's "objection" liberally as it must,[1] the Court treats it as the functional equivalent of a motion for reconsideration.

---

[1] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

## II.    STANDARD OF REVIEW

Federal Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders.  If the court enters an interlocutory order without entering a final judgment under Federal Rule Civil Procedure 54, Rule 59 does not apply.[2] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[3]

That inherent power is not unfettered:  a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[4]  In this case, the only possible basis for reconsideration is that this Court's prior decision was clearly erroneous.

---

[2]    *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).  For entry of a partial judgment  see FED. R. CIV. P.  54(b); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. CIV., §2715 (3d ed.).

[3]    *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

[4]    *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotes omitted); see *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### III. BACKGROUND/PRIOR ORDER

This action arises out of incidents that occurred while Chappell was incarcerated at the California Correctional Institute, Tehachapi.[5] Chappell's Complaint raised six causes of action.

In his First Claim for Relief Chappell alleges that Defendants Gerber, Morales, and Wedertz have interfered with his right of access to the courts by refusing to accept and/or transmit his June 25, 2012, CDCR 602 HC "Patient/Inmate Health Care Appeal."

In his Second Claim for Relief Chappell contends that Drs. Vu, Tate, Shiesha, and Joaquin have improperly denied him single-cell status and have failed to prescribe medication appropriate to his documented disability.

In his Third Claim for Relief Chappell contends that, notwithstanding his waist chain Chrono, when he is removed from his cell Defendants Gerber, Morales, Wartz and Wedertz force Chappell to place his hands behind his back, stick his arms through the food tray slot, and is then handcuffed and marched approximately eight feet to a holding cell. This causes severe spasms in his back, virtually paralyzing him.

In his Fourth Claim for Relief Chappell contends that because he is unable to comply with the handcuffing requirement, he was denied yard exercise by Defendants Gerber, Morales, Wartz, and Wedertz on numerous occasions.

---

[5] In addition to C/O Gerber, Chappell has named as defendants C/O R. Morales; Sgt. B. Werdetz; Capt. P. Matzen; C/O Wartz; Lt. T. Harris; Warden (A) K. Holland; Dr. M. Vu; Dr. Tate; Dr. S. Shiesha; and A. Joaquin, CMO.

In his Fifth Claim for Relief Chappell contends that Defendants Capt. P. Matzen, Lt. T. Harris, and Warden (A) K. Holland are liable for the actions of those correctional officers under their supervision under the doctrine of *respondeat superior*.

In his Sixth Claim for Relief Chappell contends that Defendant Dr. Tate refused to prescribe appropriate pain medication in retaliation for Chappell filing grievances.

In its screening Order this Court determined that Chappell's Third, Fourth, and Fifth Claims were procedurally unexhausted and his Fifth Claim was barred because he could not bring a vicarious liability claim under § 1983. Chappell was permitted to proceed on his second and third claims (deliberate indifference).[6]

## IV. DISCUSSION

In his "objection" Chappell challenges this Court's determination that he had not exhausted his administrative remedies. According to Chappell the Court erred in making this determination because he has, in fact, exhausted his administrative remedies. In support of his contention, Chappell has submitted additional documents. This Court, having considered the additional documents and arguments advanced by Chappell, determines that its Screening Order was not clearly erroneous.

To the extent that the documents appended to the pending "objection" establish exhaustion of Chappell's administrative remedies, they all occurred *after* Chappel filed his Complaint in this action.  As this Court clearly noted in its Screening Order, a prisoner must

---

[6] With respect to Chappell's first claim for relief, in allowing Chappell to proceed on his medical indifference claims, this Court granted the appropriate relief thereby rendering that claim effectively moot.

exhaust his or her administrative remedies prior to filing suit, not during the pendency of the suit.[7] The Complaint and the "objection" before this Court clearly show that this requirement has not been met.

The Court also rejects Chappell's argument to the extent it relies on 28 U.S.C. § 1915(g). That subsection by its very terms relates to the "three-strikes" rule, not to exhaustion of administrative remedies.

**V.    ORDER**

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1.    Treated as the functional equivalent of a motion for reconsideration, the "Objection 'In Part,' to District Judges' Screening Order Even Though the Option Wasn't Given Plaintiff" is hereby **DENIED**; and

2.    In the interests of justice, the time within which Plaintiff must comply with the Screening Order is hereby extended to and including, **October 31, 2013**.

**IT IS SO ORDERED** this 10th day of September, 2013.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[7]    42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); see *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).