UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>      Plaintiff,<br><br>vs.<br><br>GERBER, *et al.*,<br><br>      Defendants. | Case No. 1:12-cv-01767-RRB<br><br>**ORDER DENYING MOTION**<br>**AT DOCKET 37** |

At **Docket 37** Plaintiff Rex Chappell has filed a request for the assistance of counsel. Generally, a state prisoner has no right to counsel in civil actions.[1]

However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together.[2]

The availability of *pro bono* counsel to represent indigent prisoners is limited. A review of the file in this case indicates that, in screening the Complaint, Chappell was permitted to proceed solely on his Second and Sixth Claims for Relief (deliberate medical indifference based upon a claim that Chappell was denied adequate medication for pain and suffering

---

[1] *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

[2] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

resulting from a degenerative bone and disc condition). All other claims were dismissed without prejudice for failure to properly exhaust his administrative remedies.[3] Given the high threshold that Chappell must meet to establish a medical indifference claim,[4] the likelihood that he will succeed on the merits is low. While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and the Court itself, this is not a case in which it is necessary to appoint counsel. Accordingly, the request for the appointment of counsel at **Docket 37** is **DENIED**.

**IT IS SO ORDERED** this 8th day of October, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[3] Docket 16.

[4] The Supreme Court has distinguished deliberate indifference to serious medical needs of prisoners from negligence in diagnosing or treating a medical condition, holding that only the former violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104–106 (1976); *see Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (articulating the two-part test applicable in this Circuit).