UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL,<br><br>      Plaintiff,<br><br>vs.<br><br>GERBER, *et al.*,<br><br>      Defendants. | Case No. 1:12-cv-01767-RRB<br><br>**ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT** |

At **Docket 58** Defendants S. Shiesha, M. Vu, A. Joaquin, and H. Tate have filed a motion for summary judgment. Plaintiff Rex Chappell has opposed the motion.[1] Having reviewed the motion and opposition, the Court has determined that an optional reply brief would not materially assist the Court in resolving the issues presented. Accordingly, the matter is submitted for decision on the moving and opposing papers without oral argument.[2]

## I.  STANDARD OF REVIEW

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving

---

[1] Docket 65.

[2] LR 230(l).

party is entitled to judgment in its favor as a matter of law.[3] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[4] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact for trial.[5] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[6] Material facts are those that may affect the outcome of the case.[7] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[8] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury

---

[3] Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[4] Fed. R. Civ. P. 56(e).

[5] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[7] *Id.*

[8] *Id.*

functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[9] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[10] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he or she bears the burden of both production and persuasion.[11] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[12] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[13]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[14] Instead, it generally accepts as true statements made under oath.[15] However, this rule does not apply to conclusory statements

---

[9] *Id.* at 255.

[10] *Id.*

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[12] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[13] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[14] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[15] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

unsupported by underlying facts,[16] nor may a court draw unreasonable inferences from the evidence.[17]

## II. BACKGROUND/ISSUES PRESENTED

This action arises out of Chappell's incarceration at California Correctional Institution – Tehachapi ("CCI"). In his Complaint Chappell raised six claims for relief. In screening the Complaint the Court permitted Chappell to proceed on two of those claims: the Second and Sixth Claims. All other claims were dismissed without leave to amend.[18]

In his Second Claim for Relief Chappell alleged that he was improperly denied single cell status and his medical providers failed to prescribe medication appropriate to his documented disability. Defendants Vu, Tate, Shiesha, and Joaquin were required to respond to the Second Claim for Relief to the extent it alleged deliberate medical indifference.

In his Sixth Claim for Relief Chappell alleged that Defendant Tate denied him appropriate pain medication in retaliation for filing grievances. Defendant Tate was required to respond to the Sixth Claim for Relief.

## III. DISCUSSION

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

---

[16] *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990).

[17] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *McLaughlin v. Liu*, 849 F.2d 1205, 1207–1209 (9th Cir. 1988).

[18] Docket 16.

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[19]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[20] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[21]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[22] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison

---

[19] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks, and citations omitted).

[20] *Id.* at 106.

[21] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[22] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[23]

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established. To make a claim, Plaintiff must show that Defendants exhibited "deliberate indifference to serious medical needs."[24] Such a showing is sufficient to demonstrate the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[25] The Constitution "does not necessitate comfortable prisons,"[26] nor is the Eighth Amendment a mandate for "broad prison reform" or excessive federal judicial involvement.[27] However, the Eighth Amendment does not permit inhumane conditions, and prison conditions are subject to scrutiny under its provisions.[28]

The United States Supreme Court has outlined a two-part test to determine if prison officials have violated a prisoner's rights under the Eighth Amendment:

---

[23] *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[24] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

[25] *Estelle v. Gamble*, 429 U.S. 97,104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal quotation marks and citation omitted)).

[26] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981))

[27] *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (*abrogated on other grounds by Sandlin v. O'Connor*, 515 U.S. 472 (1995).

[28] *Farmer*, 511 U.S. at 832.

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.... The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.[29]

For the purposes of ruling on the motion, as do the Defendants, the Court assumes without deciding, that Chappell has met the first requirement. As to the second requirement, the relevant state of mind is "one of 'deliberate indifference' to inmate health or safety."[30] To show deliberate indifference, the inmate must prove that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[31] "Thus, *Farmer* [] requires an inmate to show that the official knew of the risk *and* that the official inferred that substantial harm might result from the risk."[32] The "prison official need not have acted 'believing that harm actually would befall an inmate; it is enough

---

[29] *Farmer* 511 U.S. at 834 (citations and internal quotations omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991) (discussing subjective requirement); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (discussing two-part test); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (same); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (same); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (same).

[30] *Farmer*, 511 U.S. at 834.

[31] *Id*. at 837; *see Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (discussing objective and subjective elements of deliberate indifference claim).

[32] *Wallis*, 70 F.3d at 1077.

that the official acted . . . despite his knowledge of a substantial risk of serious harm.'"[14] The question of the official's knowledge is a question of fact.[15]

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[16] A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[17]

It is undisputed that during the relevant time period Defendants Vu and Tate treated Chappell. It is also undisputed that during that time frame Defendants Joaquin and Shiesha reviewed Chappell's inmate appeals and grievances; but neither treated him.

Chappell raised his single-cell claim in another action in this District, which action was dismissed by both the District Court and the Court of Appeals.[18] Consequently, that claim is barred by the doctrine of *res judicata*. The Court further notes that, in any event, Chappell has

---

[14] *Id*. (quoting *Farmer*, 511 U.S. at 842) (omission in original).

[15] *Farmer*, 511 U.S. at 826.

[16] *Toguchi*, 391 F. 3d at 1060; *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation).

[17] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[18] *Chappell v. Perez*, 2:09-cv-01465-GEB-KJN. This Court takes judicial notice of the records in that case. Fed. R. Evid. 201.

not alleged that he suffered any injury whatsoever as a result of being housed with another inmate.

With respect to his waist-chain claim, in his Complaint Chappell alleged that custody staff refused to honor the no waist-chain chrono issued by medical.[19] In his opposition to the motion Chappell alleges that Joaquin, Tate, and Vu in some unspecified way somehow conspired with custody staff to not use waist chains. In support of this allegation Chappell quotes an unidentified person as saying that "custody did not want medical to issue chrono's for waist chains."[20] Nowhere in either his complaint or his opposition does Chappell provide a factual basis for his conclusory allegation that Joaquin, Tate, Vu, and/or Shiesha somehow conspired with custody staff. The simple fact is that, at best, Chappell has established that medical issued a no waist-chain chrono, but custody staff refused to honor it. This does not support a claim for deliberate medical indifference as against the medical personnel.

Turning to Chappell's medical indifference claim. Initially, the Court notes that this claim is based upon an alleged refusal to provide appropriate medication, i.e., a narcotic-based pain reliever. Attached to Chappell's Complaint is a CDCR 602 HC "Inmate/Parolee Health Care Appeal" dated June 25, 2012, in which he raises his claim that he was not receiving adequate medical care. In particular, Chappell complained about the use of Tylenol-3 because it was crushed before it was administered and caused constipation.[21] The record in this case does not reflect that the June 15 602 HC was ever processed. As noted below, however, the

---

[19] Docket 1, pp. 18–19, paragraphs 20–22.

[20] Docket 65, p. 3.

[21] Docket 1, pp. 46–48.

record reflects that the use of Tylenol-3, was discontinued by Dr. Tate at Chappell's request on July 12, 2012. Accordingly, the Court assumes without deciding that Chappell's June 15 602 HC was resolved to Chappell's satisfaction.

On the other hand, nothing in the record before this Court indicates that Chappell at any time sought any administrative relief with respect to his medical indifference claims against Defendants Vu, Tate, Joaquin and Shiesha. Failure to exhaust administrative remedies is an affirmative defense to be raised and proven by the defense.[22] Although Defendants raised failure to exhaust as an affirmative defense in their Answer, they do not pursue that defense in their motion for summary judgment. Accordingly, the Court assumes without deciding that the Defendants have waived the failure to exhaust defense.

Resolution of this matter is further complicated by the fact that most of the facts relevant to the medical treatment Chappell received at CCI spanned a time period that both preceded and followed the date of Chappell's Complaint, October 16, 2012. Because both parties have relied upon those facts, in the interests of justice and to avoid unnecessary delay in finally resolving this matter the Court will consider those facts.

As relevant to this case, Chappell's medical records reflect that for some time prior to July 2012 Chappell had been prescribed Tylenol-3, a narcotic pain reliever. On July 12, 2012, Dr. Tate discontinued the Tylenol-3 at Chappell's request because Chappell reported

---

[22] *Jones v. Bock*, 549 U.S. 199, 212–17 (2007); *Albino v. Baca*, 747 F3d 1162, 1166, 1168 (9th Cir. 2014) (en banc).

that Tylenol-3 was constipating and he had not taken it for several days.[23] On November 8, 2012, Chappell reported to Dr. Vu that he refused to take Tylenol-3 because it caused blisters in his mouth.[24] In the Progress Note dated December 14, 2012, Dr. Vu noted that Chappell did not want more pain medications.[25] On January 8, 2013, Dr. Vu prescribed morphine sulfate for better pain control,[26] continued it on January 25, 2013,[27] and February 26, 2013.[28] On February 21, 2013, Dr. Williams conducted a TeleMedicine evaluation at the request of Dr. Vu. Dr. Williams recommended the use of a cane to help both with the pain and to increase Chappell's functional level.[29] In April 2013 Chappell was transferred from CCI to California State Prison–Corcoran.

The declarations of Drs. Vu and Tate establish that, in their professional opinions, the treatment regimen prescribed for Chappell, although conservative, was medically

---

[23] Facility B Medical Clinic PCP Progress Note, Docket 58-5, p. 33; Declaration of Defendant Tate, Docket 58-7

[24] Primary Care Provider Progress Note, Docket 58-5, p. 35; Declaration of Defendant Vu, Docket 58-6.

[25] Primary Care Provider Progress Note, Docket 58-5, p. 36; Declaration of Defendant Vu, Docket 58-6.  The Court notes that in that Progress Note Dr. Vu noted he had discussed the issue of the waist chain-chrono with "custody staffs, who report this is their standard protocol."

[26] Primary Care Provider Progress Note, Docket 58-5, p. 41; Declaration of Defendant Vu, Docket 58-6.

[27] Primary Care Provider Progress Note, Docket 58-5, p. 43; Declaration of Defendant Vu, Docket 58-6.

[28] Primary Care Provider Progress Note, Docket 58-5, p. 53; Declaration of Defendant Vu, Docket 58-6.  Dr. Vu also ordered the use of a cane and mobility vest as recommended by the consulting physician, Dr. Williams.

[29] Physical Medicine and Rehabilitation Report, Docket 58-5, p. 47.

appropriate.[30] For the most part In his opposition Chappell relies on statements allegedly made by Drs. Vu and Tate to the effect that the refusal to prescribe a narcotic-based pain medication was to appease custody staff because custody staff did not want inmates to have narcotic-based pain medications. Even if the Court were to accept Chappel's version of the facts, Chappell would not prevail.  Chappell's argument has two fatal flaws. First, Chappell does not refute the record, which reflects that: (1) Dr. Tate discontinued Tylenol-3 at Chappel's request; and (2) subsequently Dr. Vu prescribed a narcotic-based pain reliever—morphine. Second and more importantly, other than his own opinion, Chappell has failed to provide *any* evidence that the treatment he was accorded was inadequate or rose to the level of negligence or medical malpractice, let alone deliberate medical indifference.

## IV.     CONCLUSION/ORDER

Chappell's claims are based upon speculation, conjecture, and innuendo, unsupported by relevant, competent evidence. Accordingly, the Complaint on file herein is hereby **DISMISSED** in its entirety as against all Defendants. Plaintiff to take nothing by way thereof, and judgment to be entered thereon in favor of the Defendants.

The record reflects that this Court revoked Chappell's *in forma pauperis* status.[31] Furthermore, this Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Chappell's constitutional claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

---

[30] Docket 58-6 (Vu Declaration); Docket 58-7 (Tate Declaration).

[31] Docket 15.

Accordingly, any appeal would be frivolous or taken in bad faith.[32] Therefore, should Chappell seek to appeal from the judgment in this case, his notice of appeal must be accompanied by the filing fee, or an application addressed to the Court of Appeals to proceed *in forma pauperis* on appeal.

The Clerk of the Court is directed to enter final judgment accordingly.

> **WARNING**
> **In the event Chappell seeks further review of this matter in the Court of Appeals, he must comply with the Federal Rules of Appellate Procedure and the rules adopted by the Court of Appeals for the Ninth Circuit, including the payment of the filing fee, or an application addressed to the Court of Appeals to proceed** *in forma pauperis* **on appeal.**

**IT IS SO ORDERED** this 12th day of May, 2015.

                                S/ RALPH R. BEISTLINE
                                UNITED STATES DISTRICT JUDGE

---

[32] 28 U.S.C. § 1915(a)(3); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).